IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>FELIX GUZMAN,<br><br>　　　　　　Defendant. | ORDER FOR COMPETENCY DETERMINATION PURSUANT TO 18 U.S.C. § 4241<br><br><br><br>Case No. 1:08-CR-74-TC |

　　　　Defendant Felix Guzman, through counsel, filed a Motion for Competency Hearing based on the procedures set forth in 18 U.S.C. § 4241.  The Motion provides information, including a diagnosis obtained by Mr. Guzman's counsel from a clinical psychologist who evaluated Mr. Guzman, that provides reasonable cause to believe that Mr. Guzman "may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense."  18 U.S.C. § 4241(a).

　　　　However, before the court holds a competency hearing, the court finds, for the following reasons, that a second diagnosis and evaluation of Mr. Guzman's competency to stand trial should be obtained.  See 18 U.S.C. §§ 4241(b), 4247(b) (giving court discretion to order more than one examination of defendant, "if appropriate").  First, the United States seeks a separate evaluation of Mr. Guzman by experts at a federal psychiatric facility, and the government is

entitled to present its own expert witness evidence in what may be an adversarial hearing. Second, having more than one expert opinion would be helpful to the court.  <u>See also</u> 18 U.S.C. § 4247(b).

Accordingly, the court FINDS and ORDERS as follows:

1. The Motion for Competency Hearing (Dkt # 75) is DENIED WITHOUT PREJUDICE.

2. As required by 18 U.S.C. § 4241(a), the court finds there is reasonable cause to believe that Defendant Felix Guzman may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

3. Based on the provisions of 18 U.S.C. §§ 4241, 4247(b), and 4247(c), before setting a hearing to determine Mr. Guzman's competency, the court orders that a psychiatric examination of Mr. Guzman be conducted, inquiring into the issues of the competency of Mr. Guzman presently to proceed and that a written report of such examination be prepared and filed with the court.

4. The report shall include: (a) Mr. Guzman's history and present symptoms; (b) a description of the psychiatric, psychological, and medical tests that were employed, and the results of those tests; (c) the examiner's findings; and (d) a conclusion about whether Mr. Guzman is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

5. For the purpose of conducting the psychiatric examination, the United States

Marshal is directed to transport Defendant Felix Guzman, without unnecessary delay, to a federal psychiatric facility as determined by the Bureau of Prisons, and, unless otherwise ordered, to return Mr. Guzman to the District of Utah upon completion of the psychiatric examination.

5. The examiner's report shall be completed within a reasonable period, not to exceed thirty (30) days, but an extension of time (not to exceed fifteen (15) days) may be granted upon request by the examiner and upon a showing of good cause that additional time is necessary to observe and evaluate the Defendant.

6. Upon completion of the examination, the examiner shall file with this court a report in accordance with 18 U.S.C. § 4247 and provide copies to both counsel.

7. IT IS FURTHER ORDERED that the trial for Felix Guzman is hereby severed from the trial of his co-defendants Leonel Guzman and Efran Garcia. The trial of Leonel Guzman and Efran Garcia will go on as scheduled, with such trial beginning June 22, 2009.

8. In accordance with the provisions of 18 U.S.C. § 3161, the period of delay caused by the examination directed shall be excluded, for Felix Guzman only, in computing the time within which trial in this matter must commence under the Speedy Trial Act and that such period shall be excluded nunc pro tunc from April 21, 2009, until the date of determination of Felix Guzman's competency.

DATED this 24th day of April, 2009.

BY THE COURT:

*Tena Campbell*
TENA CAMPBELL
Chief Judge